IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | | |
|---|---|---|
| MARK ALLEN, ET AL., | § § | |
| Plaintiffs | § § | |
| v. | § § | CIVIL ACTION NO. G-10-176 |
| CITY OF TEXAS CITY, | § § § § | |
| Defendant. | § | |

## OPINION AND ORDER

Before the Court, with the consent of the parties, are competing motions for partial summary judgment (Dkt. Nos. 52, 54), to which responses (Dkt. Nos. 55, 57) and replies have been filed. (Dkt. Nos. 69, 70).[1] Also before the Court are Plaintiffs' objections to the evidence submitted by Defendant in its response and reply to the Motions (Dkt. Nos. 71, 73), to which Defendant then responded (Dkt. No. 75, 76) and Plaintiffs replied. (Dkt. Nos. 77, 78). After careful review of all the submissions, the Court issues this Opinion and Order.

## I. BACKGROUND

Plaintiffs consists of numerous current or former firefighters employed by the City of Texas City ("the City") who bring this action claiming that they are entitled to compensation under

---

[1] Defendant also filed a "Partial Motion for Summary Judgment on Affirmative Defenses of Unclean Hands and Estoppel, on Plaintiffs' Salaried Status Under the FLSA and on Plaintiffs' State Law Claims" (Dkt. No. 53), however, the Court ordered this Motion be abated until the cross-motions discussed above were ruled upon. (Dkt. No. 68).

1

the Fair Labor Standards Act ("FLSA") and § 142 of the Texas Local Government Code for all hours spent attending specialized training to obtain or maintain occupational specialized certifications[2] necessary to maintain their jobs.[3] The parties have filed cross-motions for summary judgment as to whether the time Plaintiffs spent attending the training should be counted as "hours worked" under FLSA or the equivalent Texas statute.[4] The motions are ripe for consideration.

## II. SUMMARY JUDGMENT STANDARD

The Court analyzes the motions under the well-established summary judgment standard. FED. R. CIV. P. 56(c); *see generally, Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 576, 586-87 (1986); *Burge v. Parish of St. Tammany*, 187 F.3d 452, 464 (5th Cir. 1999); *United States v. Arron*, 954 F.2d 249, 251 (5th Cir. 1992).

---

[2] The City required Plaintiffs to obtain one or more of the following certifications as a condition of initial and/or continued employment during their first probationary years' status: Basic Fire Suppression Certification; Emergency Medical Technician Basic (EMT-B) Certification; Hazardous Materials Technician (Hazmat) Certification; High Angle/confined Space Rescue Certification; Water Rescue Certification; Commercial Drivers License (Class B); Cardiopulmonary Resuscitation (CPR) Instructor; and Fire Instructor Certification. In addition, the City reserved the discretion to require Plaintiffs to obtain addition certifications as a condition of their continued employment and these included: Fire Inspector Certification; Fire Investigator Certification; and Arson Investigator Certification.

[3] There are three groups of plaintiffs in this case. First, Group A, are those who were hired after January 1, 2001, and signed agreements that detailed numerous training requirements and the agreements provided that the training was "voluntary" and that it was not compensable. Second, Group B, consists of individuals hired between 1993 and 2000 who signed agreements with the City to obtain and maintain an EMT-Basic Certification or higher and then any other certifications prescribed by the Department, but the agreements were silent on whether any off-duty training would be compensable. Third, Group C, are those individuals hired before 1993 who signed general agreements, but when they submitted "Request for Training" forms they acknowledged that training was outside of their regular work hours and not compensable. Dkt No. 52 at 7, n 1. Of the groups, it appears that Group B is not seeking compensation for time spent on training to obtain and/or maintain a certification.

[4] The Court allowed the parties to bifurcate consideration of the issues presented, thus, at this stage of the proceedings, the cross-motions for summary judgment focus on the issue of whether the time spent in certain training constitutes "hours worked" under the FLSA and § 142.0015.

2

## III. DISCUSSION

Under the FLSA, an employer is required, to compensate its employees for all "hours worked" and pay not less than one and one-half times the regular rate of pay for all overtime hours worked. 29 U.S.C. §§ 201, 207. Initially, Defendant argues that, as a local government, the FLSA should not apply to it and, therefore, invites the Court to decline to follow the Supreme Court's decision in *Garcia v. San Antonio Metropolitan Transit Authority*, 469 U.S. 528 (1985) wherein it held that the FLSA applies to local governments. The Court, respectfully, declines. *Rodriguez de Quijas v. Shearson/American Express, Inc.*, 490 U.S. 477, 484 (1989) (the Supreme Court reserves the prerogative of overruling its own decisions and, until that prerogative is exercised, it directs lower courts to follow controlling case law). Unless or until the Supreme Court overrules *Garcia*, its holding controls and, as such, the FLSA applies to the Defendant City.

Turning back to the Act, the central issue in this case is whether the Plaintiffs' off-duty training hours constitute "hours worked" which would be compensable. The FLSA offers no definition of the phrase. Nonetheless, Defendant maintains other statutory and/or regulatory exemptions support its position that the time is not compensable as hours worked. First, Defendant argues that the time is not compensable due to an exemption under the Portal-to-Portal Act. The Portal-to-Portal Act, which amends the FLSA, provides, in relevant part, the following:

> (a) Activities not compensable.
>
> Except as provided in subsection (b) of this section, no employer shall be subject to any liability or punishment under the Fair Labor Standards Act . . . on account of the failure of such employer to pay an employee minimum wages, or to pay an employee overtime compensation, for or on account of any of the following activities of such employee engaged in on or after May 14, 1947 –
> . . .

3

> (2) activities which are preliminary to or postliminary to said principal activity or activities, which occur either prior to the time on any particular workday at which such employee commences, or subsequent to the time on any particular workday at which he ceases, such principal activity or activities.

29 U.S.C. § 254(a). Despite Defendant's arguments to the contrary, the Court finds that this exception does not apply. In the present case, there is no dispute that the required training involved new skills. *See Atkins v. GM Corp.*, 701 F.2d 1124, 1129-3- (5th Cir. 1983) ("training class teaching an employee new skills is not preliminary to his regular eight hour shift using his present skills" and that "study unrelated to the employee's present job is *not* preliminary or postliminary to that activity."). Moreover, there is no dispute that, even without the training, Plaintiffs could still perform their jobs. *Steiner v. Mitchell*, 350 U.S. 247, 256 (1956) (while "principal activity" is not defined, the Supreme Court has interpreted it to mean those activities that are both an integral and indispensable part of the workmen's principal activities for which they are employed); *Dunlop v. City Elec., Inc.*, 527 F.2d 394, 400-01 (5th Cir. 1976) (explaining that "[t]he test . . . to determine which activities are 'principal' and which are an 'integral and indispensable part' of such activities, is . . . whether they are performed as part of the regular work of the employees in the ordinary course of business."). Finally, notwithstanding Defendant's argument that the training involved here was merely a pre-requisite to the jobs involved (i.e., apprenticeship training or probationary training), the undisputed evidence reflects that the required training was not limited to, and much of it, in fact, occurred outside of, the probationary period. The evidence also reflects that some fire fighters were allowed to continue performing their duties without completing the training. This evidence amply demonstrates that the training

was not a true pre-requisite to the job of a Texas City fire fighter. The Court, therefore, cannot conclude that the Portal-to-Portal Act provides an exemption to Defendant.

Defendant also argues that there is regulatory support for its conclusion that the off-duty training time is not compensable. In particular, Defendant relies on 29 C.F.R. § 553.226 and 29 C.F.R. § 785.27. Initially, with regard to 29 C.F.R. § 553.226, it provides, in relevant part, the following:

> (b) While time spent in attending training required by an employer is normally considered compensable hours of work, the following are situations where time spent by employers of State and local governments in required training is considered to be noncompensable:
>
> > (1) Attendance outside of regular working hours at specialized or followup training, which is required by law for certification of public and private sector employees within a particular governmental jurisdiction (e.g., certification of public and private emergency rescue workers), does not constitute compensable hours of work for public employees within that jurisdiction and subordinate jurisdictions.
> >
> > (2) Attendance outside of regular working hours at specialized or follow-up training, which is required for certification of employees of a governmental jurisdiction by law of a higher level of government (e.g., where a State or county law imposes a training obligation on city employees), does not constitute compensable hours of work.
> >
> > (3) Time spent in the training described in paragraphs (b) (1) or (2) of this section is not compensable, even if all or part of the costs of the training is borne by the employer.
>
> (c) Police officers or firefighters, who are in attendance at a police or fire academy or other training facility, are not considered to be on duty during those times when they are not in class or at a training session, if they are free to use such time for personal pursuits. Such free time is not compensable.

As urged by Plaintiffs, subsection (c) does have some application, albeit limited, to the present case. In particular, it would clearly apply to an individual, such as Plaintiff William Behan, who was sent to a fire academy yet was not compensated for the time, other than free time

5

for personal pursuits, that he spent in that training. However, Plaintiffs' attempt to argue that subsection (c) has a broader application based on the phrase "or other training facility"— broad enough to encompasses all the other required training— lacks any supporting authority and is simply not persuasive to this Court.

Turning to subsection (b), the Court observes that it is predicated on the fact that the specialized training be required by law for certification to perform a particular job. This is not the case here. The only training that is legally required to be a municipal fire fighter in Texas is a basic structure fire suppression course, approved by the Texas Commission on Fire Protection, and a course leading to the equivalent of an Emergency Care Attendant ("ECA") certification. *See* TEX. GOV'T CODE § 419.032; 37 TEX. ADMIN. CODE § 423.1. Instead, the vast majority of the training required by the Texas City Fire Department is mandated by Department policy, not the law.[5] Defendant refers to the Court to numerous DOT opinions, however, these opinions are predicated on instances of where the law required the training, which, as discussed, is not the case here.

Second, with regard to 29 C.F.R. § 785.27, this regulation provides:

> Attendance at lectures, meetings, training programs and similar activities need not be counted as working time if the following four criteria are met:
>
> (a) Attendance is outside of the employee's regular work hours;
>
> (b) Attendance is in fact voluntary;
>
> (c) The course, lecture, or meeting is not directly related to the employee's job; and

---

[5] *Supra* note 2.

>    (d) The employee does not perform any productive work during such attendance.

29 C.F.R. § 785.27. Importantly, for the training time to be not compensable, each of the four elements must be satisfied.

The central dispute between the parties surrounds the second element—namely, whether the attendance was in fact voluntary. 29 C.F.R. § 785.27. Section 785.28 clarifies that "attendance is not voluntary, of course, if it is required by the employer" and where "the employee is given to understand or led to believe that his present working conditions or the continuance of his employment would be adversely affected by nonattendance." 29 C.F.R. § 785.28. In the present case, some of the Plaintiffs[6] have stated that their attendance at training during off-duty hours was not voluntary and that they only took the training because they feared—particularly those Plaintiffs who signed the more recent Conditions of Employment agreement—that they would be forced to resign if they did not complete the training. Defendant, however, counters Plaintiffs' newly founded stance with evidence of the Conditions of Employment agreement that they voluntarily entered into with Defendant and in which they agree that the training that they would be asked to perform—all of which was spelled out—would be "voluntary." In addition, for those Plaintiffs with earlier agreements that did not contain any such agreed statement, Defendant relies on the Request for Training forms in which employees, by signing, agree that the training they seek to attend is voluntary.[7] Defendant also insists that Plaintiffs offer no evidence that it took any adverse action against any of them for failing to

---

[6] *Supra* note 3.

[7] Defendant appears to indicate that with the earlier hired firefighters—those in Group C—it did not impose these training requirements.

7

complete any required training in a timely manner. The evidence offered by the parties clearly reflects a dispute exists between the parties regarding the voluntariness of the training. The dispute is one that this Court believes can only be resolved by making a credibility assessment, which is properly reserved for the finder of fact.[8] As such, this Court concludes summary judgment is not proper on the issue of whether the different training was voluntary.

## CONCLUSION

Accordingly, for all the foregoing reasons, it is the **ORDER** of this Court that the cross-motions for partial summary judgment (Dkt. Nos. 52, 54) are **DENIED**.

It is further **ORDER** of this Court that Plaintiffs' Objections (Dkt. Nos. 71, 73) to the evidence submitted by Defendant in its response and reply is **DENIED**, without prejudice, to being re-urged at trial.

**DONE** at Galveston, Texas, this _6th_ day of March, 2012.

_____
JOHN R. FROESCHNER
UNITED STATES MAGISTRATE JUDGE

---

[8] Plaintiffs have requested a jury trial. *See* Dkt. No. 1 (Civil Cover Sheet).